Adam H. Becker
Keches Law Group
BBO # 561032
2 Granite Avenue, Suite 400
Milton, MA 02186
Telephone: (508) 821-4355
E-Mail: ABecker@kecheslaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**SPRINGFIELD DIVISION**

CINDY BRANDON

    Plaintiff,

v.

ALLY FINANCIAL, INC.,
EXPERIAN INFORMATION
SOLUTIONS, INC., and EQUIFAX
INFORMATION SERVICES LLC,

    Defendants.

Case No.:
**COMPLAINT AND DEMAND FOR JURY TRIAL**
  1. FAIR CREDIT REPORTING ACT
     U.S.C. § 1681 *et seq.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Cindy Brandon brings this action against Defendants Ally Financial, Inc., Experian Information Solutions, Inc. and Equifax Information Services LLC and alleges:

### Introduction

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).

2. In December 2016, an individual not previously known to Plaintiff opened an account with Ally Financial and, somehow, Plaintiff was erroneously included as a co-signer. Plaintiff disputed the account with Ally and with the credit reporting agencies. In response,

Defendants failed to conduct a reasonable investigation and concluded that Plaintiff was responsible for the account.

3. Plaintiff brings claims for actual and punitive damages against Defendants for their inaccurate reporting, and for their failure to investigate Plaintiff's disputes of that inaccurate reporting.

**Jurisdiction, Venue and Parties**

4. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Massachusetts, this suit arises out of Defendants' specific conduct with Plaintiff in Massachusetts, and Plaintiff was injured in Massachusetts.

6. Venue is appropriate in the United States District Court for the District of Massachusetts, Springfield Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Hampden County, Massachusetts.

7. Plaintiff is a natural person residing in Hampden County, Massachusetts.

8. Plaintiff is, and was at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant Ally Financial, Inc. ("Ally") was formed in Michigan. Ally conducts business in Massachusetts through its registered agent is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

10. Ally regularly conducts business in the State of Massachusetts.

11. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency formed in Ohio and headquartered in Costa Mesa, California. Experian

conducts business in Massachusetts through its registered agent, CT Corporation System, located at 155 Federal Street, Suite 700, Boston, MA 02110.

12. Experian regularly conducts business in the State of Massachusetts.

13. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency formed in Georgia and headquartered in Atlanta, Georgia. Equifax conducts business in Massachusetts through its registered agent Corporation Service Company located at 84 State Street, Boston, MA 02109.

15. Equifax regularly conducts business in the State of Massachusetts.

16. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## GENERAL ALLEGATIONS

17. In December of 2016, an individual not previously known to Plaintiff opened an account with Defendant Ally for an auto loan.

18. In or around February of 2020, Plaintiff saw a new account on her credit report that did not belong to her. The account was for an auto loan with Ally.

19. Plaintiff has never taken an auto loan with Ally and did not know why the account was appearing, or why an account from 2016 was just appearing on her credit report in 2020.

20. Plaintiff eventually learned that she had been included as a co-signer for the auto loan at issue in 2016.

21. In or around March of 2020, after disputing this account directly with Ally, Plaintiff was able to find the contact information for the actual owners of the loan.

22. Upon contacting the actual signatories of the loan (the "actual owners"), Plaintiff learned that they owned a company, and the auto loan was taken out for a work truck. The actual

owners do not know why the loan is reporting on Plaintiff's credit file, as they do not know her, and did not use her information to obtain the loan.

23. The actual owners told Plaintiff that they had contacted Ally and removed Plaintiff's information from the loan and that everything was cleared up.

24. Despite this, Defendant Ally did not remove Plaintiff from the loan.

25. In or around May 2020, Plaintiff disputed the Ally account directly with Equifax through their online dispute center.

26. On June 11, 2020, Equifax sent Plaintiff a letter verifying the account.

27. In or around May 2020, Plaintiff disputed the Ally account directly with Experian through their online dispute center.

28. On June 17, 2020, Experian sent Plaintiff a letter verifying the account.

29. Upon information and belief, both Equifax and Experian forwarded Plaintiff's disputes to Ally, and Ally verified that Plaintiff was accurately on the loan.

30. As of the date of the filing of this lawsuit, Defendants Experian and Equifax were both still reporting the Ally account on Plaintiff's credit report.

31. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost loan and credit opportunities, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Defendants, as well as emotional distress.

32. All necessary conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violations of FCRA § 1681s-2(b) as to Ally Financial Inc.)

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32, including all subparts, as if fully set forth herein.

34. Ally is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher of information" as codified at 15 U.S.C. § 1681s-2.

35. Ally published false information regarding Plaintiff's alleged debt obligation and the Ally account to Experian and Equifax, and through Experian and Equifax to all of Plaintiff's potential lenders.

36. On one or more occasions within the past two years, by example only and without limitation, Ally violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies along with Plaintiff's disputes.

37. When Plaintiff submitted her online disputes to Experian and Equifax, those consumer reporting agencies (CRAs) used a dispute system named "e-OSCAR" which has been adopted by the CRAs and by their furnisher-customers such as Ally. It is an automated system and the procedures used by the CRAs are systemic and uniform.

38. When a CRA like Experian or Equifax receives a consumer dispute, it (usually via an offshore, outsourced vendor) translates that dispute into an Automated Credit Dispute Verification or "ACDV" form.

39. The ACDV form is the method by which Ally has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

40. Based on the manner in which Experian and Equifax responded to Plaintiff's disputes, representing that Ally had verified the supposed accuracy of its reporting, Plaintiff alleges that Experian and Equifax did in fact forward Plaintiff's disputes via ACDVs to Ally.

41. Ally understood the nature of the Plaintiff's disputes when it received the ACDVs from Experian and Equifax.

42. Ally violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Ally's representations; by failing to review all relevant information regarding same; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Ally's representations to the consumer reporting agencies.

43. Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian and Equifax after Ally had been notified of the dispute and that the information was inaccurate.

44. As a result of Ally's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

45. Ally's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Ally was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Ally Financial, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**(Violations of the FCRA § 1681i as to Experian Information Solutions, Inc.)**

46. Plaintiff re-alleges and incorporates paragraphs 1 through 32, including all subparts, as if fully set forth herein.

47. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

48. Experian took no independent action to investigate the dispute or to determine whether Plaintiff was the victim of identity theft.

49. Experian failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Experian chose to ignore all the information provided in the dispute and rely solely on the information provided by Ally. Plaintiff even provided her contact information, but Experian made no attempt to contact her to obtain any additional information if any was needed.

50. Experian chose to ignore this information and simply parroted the information provided by the furnisher.

51. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Experian Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT III
**(Violations of the FCRA § 1681e(b) as to Experian Information Solutions, Inc.)**

52. Plaintiff re-alleges and incorporates paragraphs 1 through 32, including all subparts, as if fully set forth herein.

53. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54. Plaintiff did not apply for the Ally account, nor did she authorize anyone else to apply for the Ally account. Despite this, Experian's procedures allowed for the account to be reported on Plaintiff's Experian credit report.

55. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damages by cost of communications for the many hours spent attempting to remedy the error, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

56. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Experian Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violations of the FCRA § 1681i as to Equifax Information Services LLC)

57.     Plaintiff re-alleges and incorporates paragraphs 1 through 32, including all subparts, as if fully set forth herein.

58.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

59.     Equifax took no independent action to investigate the dispute or to determine whether Plaintiff was the victim of identity theft.

60.     Equifax failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Equifax chose to ignore all the information provided in the dispute and rely solely on the information provided by Ally. Plaintiff even provided her contact information, but Equifax made no attempt to contact her to obtain any additional information if any was needed.

61.     Equifax chose to ignore this information and simply parroted the information provided by the furnisher.

62.     Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment

interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT V
### (Violations of the FCRA § 1681e(b) as to Equifax Information Services LLC)

63.     Plaintiff re-alleges and incorporates paragraphs 1 through 32, including all subparts, as if fully set forth herein.

64.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

65.     Plaintiff did not apply for the Ally account, nor did she authorize anyone else to apply for the Ally account. Despite this, Equifax's procedures allowed for the account to be reported on Plaintiff's Equifax credit report.

66.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damages by cost of communications for the many hours spent attempting to remedy the error, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

67.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

/s/ Adam H. Becker
Adam H. Becker
KECHES LAW GROUP
BBO# 561032
2 Granite Avenue, Suite 400
Milton, MA 02186
Telephone: (508) 821-4355
E-Mail: ABecker@kecheslaw.com
*Attorney for Plaintiff*

s/ Joshua R. Kersey
Joshua R. Kersey
(*Pro Hac Vice Motion Forthcoming*)
Florida Bar No. 087578
MORGAN & MORGAN, PA
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2490
JKersey@ForThePeople.com
AWynne@ForThePeople.com
*Attorney for Plaintiff*